AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

United States of America
v.
FRASHON MELTON MINTO
Defendant(s)

Case No. 6:26-mj- 2136

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 27, 2026 in the county of Orange in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 31 U.S.C. § 5332 | Bulk cash smuggling into or out of the United States. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Roberto Alvarez, Special Agent, HSI
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/28/26

Leslie Hoffman Price
*Judge's signature*

City and state: Orlando, Florida

Leslie Hoffman Price, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA

COUNTY OF ORANGE

Case No. 6:26-mj-2136

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Roberto Alvarez, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI). I am currently assigned to the Assistant Special Agent in Charge (ASAC), Orlando, Florida Office.

2. My present duties, in part, include conducting criminal investigations into violations of federal laws pertaining to narcotics importation and airport investigations.

3. I have been a Special Agent with HSI since 2025. I have received extensive training at the Federal Law Enforcement Training Center, Homeland Security Investigations Special Agent Training Academy, airport operations, and border search authority.

4. Before becoming a Special Agent, I gained more than 9.6 years of law enforcement experience with the Florida Highway Patrol, including three years of criminal investigative experience and three as an HSI Task Force Officer.

5. Throughout my law enforcement career, I have conducted investigations involving fraud, narcotics, traffic homicide, domestic violence, grand theft, financial crimes, and immigration enforcement.

**Purpose of Affidavit**

6. This affidavit is based upon knowledge that I have acquired during an investigation of criminal activities involving bulk cash smuggling committed by persons in the Middle District of Florida. This affidavit is based upon my personal knowledge, training, and experience as a law enforcement officer, information that I received from other law enforcement officers and agents, and information received from other investigative means, including interviews.

7. Further, because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not included every fact or facet of the investigation known to me, only enough to establish probable cause for the issuance of a criminal complaint for Frashon Melton **MINTO** for knowingly concealing more than $10,000 in U.S. currency, and attempting to transfer the concealed currency from Orlando, Florida, to Montego Bay, Jamaica, with the intent to evade currency reporting requirements, in violation of Title 31, United States Code, Section 5332.

**Facts Establishing Probable Cause**

8. On or about September 27, 2026, at approximately 9:52 A.M., the Customs and Border Protection (CBP) Orlando International Airport (MCO) Anti-Terrorism Contraband Enforcement Team (A-TCET) was contacted by the Transportation Security Administration (TSA) Supervisory Agent Vargas Cruz

regarding outbound checked luggage associated with JetBlue flight B6 521 destined for Montego Bay, Jamaica. TSA reported suspected concealed currency hidden within a pair of jeans.

9. CBP A-TCET Officers CBPO Acosta, CBPO Colon, CBPO Castro, and CBPO Aviles immediately responded to Terminal C within MCO and met with TSA Supervisory Agent Vargas Cruz to inspect the checked luggage.

10. At approximately 10:07 A.M., CBP officers identified the luggage, bearing tag number 6279695395, under the name Frashon Melton **MINTO**. During the examination, CBP officers confirmed currency was concealed inside the pockets of jeans located within the luggage. CBP A-TCET officers responded to Gate 232 at MCO and encountered **MINTO,** departing on JetBlue flight B6 521 from MCO to MBJ (Sangster International Airport, Jamaica).

11. **MINTO** was identified through his Jamaican passport. **MINTO** stated that he was traveling alone to Jamaica and operated a car-rental business named "Frashon Car Rental." During the initial interview, **MINTO** was advised that U.S. Customs and Border Protection was conducting outbound currency inspections.

12. **MINTO** was verbally advised of the currency-reporting requirements by CBP officers, and MINTO indicated that he understood and then was provided with a currency reporting form for him to review. After reviewing the currency form, **MINTO** printed his name, signed the form, and declared that he was transporting

two pieces of checked or carry-on luggage and was transporting a total of $0 in currency.

13. **MINTO**'s carry-on bag was inspected at Gate 232 by CBP, with negative results for undeclared currency. **MINTO** was then escorted to the CBP FIS Terminal C baggage secondary area for X-ray examination of his checked luggage and carry-on bag. After **MINTO**'s luggage was X-rayed, he was asked the following questions by CBP regarding the checked luggage:

- Whether the luggage belonged to him. **MINTO** responded, "Yes."
- Whether he packed the luggage himself. **MINTO** responded, "Yes."
- Whether the luggage contained anything for another person. **MINTO** responded, "Only perfumes for my girlfriend."
- Whether there was anything else he wished to declare before the luggage was inspected. **MINTO** responded, "Nothing else to declare."

14. Upon opening checked luggage tag number 6279695395, CBP officers identified multiple bundles of U.S. currency concealed inside the pockets of several pairs of jeans. At that time, **MINTO** became visibly nervous, his voice began to break, and officers had difficulty understanding his statements.

15. During the luggage inspection, CBP officers located approximately $298,000 in U.S. currency. The currency was verified and counted by CBPO Acosta, CBPO Colon, CBPO Castro, CBPO Ferrer and CBPO Aviles. The $298,000 U.S.

currency was seized by CBP. HSI Special Agent (SA) Roberto Alvarez was contacted and responded to the CBP FIS Terminal C baggage secondary area to interview **MINTO**.

16. I responded to the Orlando International Airport, after receiving notification from CBP, to interview **MINTO.**

17. Prior to questioning, **MINTO** was advised of his *Miranda* rights. **MINTO** stated that he understood those rights and agreed to speak with law enforcement. **MINTO** confirmed that the checked luggage was his and accurately described its color. When asked whether the currency belonged to him, **MINTO** stated that it did. When asked why the currency had not been declared, **MINTO** stated that he was unaware of the requirement to declare currency when traveling outbound from the United States and believed that the declaration requirement applied only to inbound travel. When asked why the currency was concealed, **MINTO** stated that he concealed it for safety reasons in Jamaica.

**Conclusion**

18. Based upon the above facts, probable cause exists to believe that on or about September 27, 2026, **MINTO**, with the intent to evade currency reporting requirements, knowingly concealed more than $10,000 in U.S. currency, and attempted to transfer such currency from Orlando, Florida, to Jamaica, in violation of Title 31, United States Code, Section 5332.

Roberto Alvarez, Special Agent
Homeland Security Investigations

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by videoconference consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) before me this 28th day of September, 2026.

HON. LESLIE HOFFMAN PRICE
United States Magistrate Judge